## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

ROBERT ORSO,                      )
                                  )
            Plaintiff,            )
                                  )
v.                                )   Case No. CIV-14-408-FHS-KEW
                                  )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )

**REPORT AND RECOMMENDATION**

Plaintiff Robert Orso (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on October 24, 1967 and was 45 years old at the time of the ALJ's decision. Claimant completed his high school education as well as "several years of college." Claimant has worked in the past as a dry cleaner helper. Claimant alleges an inability to work beginning January 5, 2011, due to limitations resulting from major depressive disorder, PTSD, bipolar disorder, paranoia, anxiety, memory problems, congestive heart failure, COPD,

3

and heart attacks.

## Procedural History

On July 5, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On March 12, 2013, Administrative Law Judge ("ALJ") James Bentley conducted an administrative hearing with the ALJ presiding in McAlester, Oklahoma and Claimant appearing by video in Ada, Oklahoma. On April 1, 2013, the ALJ issued an unfavorable decision. The Appeals Council denied review of the decision on July 24, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform his past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to include limitations associated with the severe impairments in the

4

RFC; (2) failing to express the RFC in proper work-related functions; and (3) engaging in a flawed credibility analysis.

**RFC Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of personality disorder, bipolar disorder, coronary artery disease, hypertension, and generalized anxiety. (Tr. 14). The ALJ found that Claimant retained the RFC to perform medium work except that he was limited to simple tasks with some detail and occasional contact with co-workers, supervisors, and the general public. (Tr. 16). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform his past relevant work as a dry cleaner helper which he classified as medium unskilled work. (Tr. 19). Alternatively, the vocational expert testified Claimant could perform the representative jobs of press machine operator and janitor. (Tr. 20). As a result, the ALJ found Claimant was not disabled from January 5, 2011 through the date of the decision. Id.

Claimant contends the ALJ failed to include any mental limitations in his RFC assessment or in his hypothetical questioning of the vocational expert. The ALJ initially designated Claimant's mental conditions of personality disorder, bipolar disorder, and generalized anxiety as severe impairments. (Tr. 14).

5

The ALJ then explained the requirements for meeting a listing for mental impairments. He found Claimant had mile restrictions in activities of daily living and explained Claimant engaged in various activities involving personal care, shopping, laundry, driving, and watching television. The ALJ also found Claimant had moderate difficulties in social functioning. He set forth that Claimant spent time with others in person and on the telephone but also that he needs reminders, tires of people, has become anti-social and introverted, and tries to avoid people. He also determined Claimant had moderate difficulties with concentration, persistence, or pace, finding Claimant could pay attention for very short periods and did not finish what he started. He followed written instructions better than spoken instructions and indicated that he did not handle stress and changes in routine well. The ALJ also found Claimant did not experience episodes of decompensation. As a result, the ALJ found Claimant did not meet a listing for mental impairments. (Tr. 15).

Curiously, Claimant contends this analysis is deficient because the ALJ failed to include any limitations for mental impairments in his RFC and hypothetical questioning. This is incorrect since the ALJ included a limitation to simple tasks with some detail and occasional contact with co-workers, supervisors,

6

and the general public. (Tr. 16). These same limitations were included in the questioning of the vocational expert. (Tr. 42). The ALJ satisfied his obligation to include a mental limitation based upon his factual findings in his RFC.

## Hypothetical Questioning

Claimant asserts the ALJ failed to state his hypothetical question with sufficient precision by limiting Claimant to "simple work" rather than specifically stating Claimant was limited in concentration, persistence, or pace. The ALJ expressly gave the opinion of Dr. Sharon Taber, a state agency medical consultant, "great weight." (Tr. 18). Dr. Tabor completed a mental RFC assessment on Claimant on September 28, 2011. She found Claimant to be moderately limited in the functional areas of the ability to understand and remember detailed instructions; ability to carry out detailed instructions; and ability to interact appropriately with the general public. (Tr. 394-95). In her narrative statement, Dr. Taber concluded Claimant could perform simple and some complex tasks, could relate to others on a superficial work basis, and could adapt to a work situation. (Tr. 396). The ALJ based his questioning and RFC findings upon this report and the specific findings set forth by Dr. Taber. The ALJ stated these restrictions in sufficient work-related functional terms to meet the

7

requirements of the regulations and case authority. <u>Jaramillo v. Colvin</u>, 576 Fed. Appx. 870, 876 (10th Cir. 2014).

This Court also acknowledges the inconsistency in Claimant's positions as noted by Defendant. In his first argument, Claimant contended the ALJ failed to include his mental restrictions in his RFC assessment while in the second issue for appeal, he contends the ALJ included the mental limitations but inaccurately represented them in a non-work related functional manner. Claimant cannot and will not have it both ways.

**Credibility Determination**

Claimant also states the ALJ erred in his credibility determination by reaching an RFC then evaluating his testimony for credibility. Claimant's representation of the ALJ's evaluation of credibility is not entirely accurate. The ALJ stated that whenever statements concerning intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a credibility determination based on the case record. He then cited Claimant's testimony and the inconsistencies in the medical record. (Tr. 17).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." <u>Kepler v. Chater</u>, 68

8

F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. <u>Id</u>. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. In this case, the ALJ properly linked his findings on credibility to the medical record.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore,

9

the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of September, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE